UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY DIEUDONNE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12476** |
| **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Appeal of Magistrate Judge Decision Denying Leave to File Amended Answer (Doc. 81). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This matter arises from a fire at Plaintiffs Anthony and Tina Dieudonne's home on January 8, 2019. On the date of loss, Plaintiffs had a homeowner's insurance policy issued by Defendant United Property and Casualty Insurance Company ("UPC"). Plaintiffs allege that, despite demonstrating sufficient proof of loss, UPC has failed to pay amounts owed to Plaintiffs under the policy. Plaintiffs initially brought claims against Defendant in state court for breach of its obligation under the policy and for violations of Louisiana's bad faith penalty statutes. Defendant removed the matter to this Court on September 6, 2019.

1

On December 28, 2020, Defendant UPC filed a Motion for Leave to File Amended Answer that was referred to Magistrate Judge Douglas. In the Motion for Leave, Defendant requested that it be allowed to amend its Answer to assert the policy condition of "Concealment or Fraud" as a defense to Plaintiffs' claims for additional policy proceeds. After oral argument on January 6, 2021, Judge Douglas denied the motion.

Now before the Court is Defendant's Motion for Appeal of Magistrate Judge Decision Denying Leave to File Amended Answer. In the Motion, Defendant asks this Court to reverse Magistrate Judge Douglas's decision and to allow Defendant leave to amend its Answer. Plaintiffs oppose the Motion.

## **LEGAL STANDARD**

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pretrial motions.[1]  A magistrate judge is afforded broad discretion in resolving non-dispositive, pretrial matters.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

---

[1] 28 U.S.C. § 636(b)(1)(A).
[2] McCallon v. BP Am. Prod. Co., Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[3] Fed. R. Civ. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).
[5] Yelton v. PHI, Inc., 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

## **LAW AND ANALYSIS**

In its Motion, Defendant contends that Magistrate Judge Douglas erred when she denied Defendant leave to amend its answer to assert the policy condition of "Concealment or Fraud." Defendant contends that Judge Douglas's decision was erroneous as Defendant timely moved for leave to amend its answer after it first obtained evidence of Plaintiffs' fraud. Specifically, Defendant contends that, in Plaintiff Tina Dieudonne's deposition, she testified that some of the invoices submitted to Defendant for reimbursement contained false and unsupported charges. Defendant asserts that, as the deposition was its first "verified" evidence sufficient to support the assertion of the policy condition, its Motion for Leave to Amend filed shortly after the deposition was otherwise timely.

Defendant filed its Motion for Leave to Amend its Answer in December of 2019. At the time of filing, the trial in this matter was scheduled for March of 2021 with the pretrial conference scheduled for February of 2021.

Under Federal Rule of Civil Procedure 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." In the context of untimely motions to amend pleadings, courts should consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'"[6]

---

[6] S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) (quoting Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)).

In applying this balancing test, Judge Douglas found that the factors weighed in favor of denying Defendant's Motion for Leave.[7] In their Opposition to Defendant's Motion for Leave and at oral argument, Plaintiffs asserted that Defendant had notice of the potential applicability of this policy provision since early 2020 and nevertheless waited until December of 2020 to take Plaintiff's deposition. Finding insufficient Defendant's defenses to Plaintiff's assertions, Judge Douglas held that Defendant failed to show "good cause" for the latency of its request.

In its Reply, Defendant emphasizes that the trial date in this matter has since been continued, fundamentally altering the basis for Judge Douglas's ruling. The Court disagrees. At the end of the January 6, 2021 oral argument, Defendant raised the likelihood of a trial continuance in this matter. Judge Douglas responded that the availability of a continuance is only one of the four factors of the good cause test and that she had already ruled on the other three.

Having reviewed the relevant pleadings and the transcript of the January 6, 2021 oral argument, this Court cannot find that Judge Douglas's decision was "clearly erroneous or contrary to law." Although the Court cannot say that it would have reached the same result, the Court also does not find that Judge Douglas erred in reaching her decision. Accordingly, Defendant's Motion for Appeal of Magistrate Decision is denied.

---

[7] The Court has reviewed the transcript from the January 6, 2021 oral argument. The transcript is not currently published in the record.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Appeal of Magistrate Judge Decision Denying Leave to File Amended Answer (Doc. 81) is **DENIED**.

New Orleans, Louisiana this 28th day of May, 2021.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**